UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANITA J. McDONALD<br>an individual | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. CASE NO. 2:13-CV-00028 |
| JAMES GREEN D/B/A<br>ALLSTATE BAIL BOND<br>COMPANY | § § § § § | |
| Defendant | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

1. Plaintiff, Anita J. McDonald (the "Plaintiff"), brings this action against James Green d/b/a Allstate Bail Bond Company for unpaid wages and unpaid overtime wages brought pursuant to the Fair Labor Standards Act, (the "FLSA") 29 U.S.C. § 201 *et seq.* Additionally, Defendant James Green d/b/a Allstate Bail Bond Company further violated the FLSA by retaliating against Plaintiff for asserting her rights pursuant to the FLSA. 28 U.S.C. §215(a)(3).

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.*

3. Venue is proper in the Northern District of Texas – Amarillo Division because all, or substantially part, of the acts, conduct or omissions charged herein occurred in this District, and because Defendant maintains its principal place of business in this District.

## PARTIES

4. Plaintiff is a resident of Amarillo, Potter County, Texas and, at times material worked or continues to work for James Green d/b/a Allstate Bail Bond Company, at its offices in Amarillo, Potter County, Texas. Plaintiff routinely worked hours in excess of forty (40) hours per work week, without receiving overtime compensation as required by federal law.

5. Defendant James Green d/b/a Allstate Bail Bond Company ("Defendant"), may be served by serving him personally at 219 S. Pierce Street, Amarillo, Texas 79101. James Green d/b/a Allstate Bail Bond Company maintains his principal place of business at 219 S. Pierce Street, Amarillo, Texas 79101.

6. At all relevant times, Defendant was and is legally responsible for all of the unlawful conduct, policies, practices, acts and omission as described in each and all of the foregoing paragraphs as the employer of Plaintiff.

7. At all times material to this action, Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d). At all times material to this action, Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

8. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

9. At all relevant times, the unlawful conduct against Plaintiff as alleged herein was actuated, in whole or in part, by a purpose to serve Defendant. The unlawful conduct alleged herein was reasonably foreseeable by Defendant and committed under actual or apparent authority by Defendant such that all of the alleged unlawful conduct is legally attributable to Defendant.

10. The overtime wage provisions set forth in §206 and §207 of the FLSA apply to Defendant. Plaintiff's job is not a position involving work that falls within any exception or exemption to 29 U.S.C. §213(a)(1).

## FACTS

11. Plaintiff has been employed by Defendant at his Amarillo, Texas business location from May of 2010 up to and including the date of filing of this Complaint. James Green is the sole proprietor/owner and is the individual who controls Allstate Bail Bond Company, and who controls the day-to-day operations and makes decisions about payroll matters and rates of pay concerning the employees of Allstate Bail Bond Company.

12. Defendant, as well as his officers, agents, employees and representatives combined, conspired and acted through a course of practice and policy to avoid paying overtime to his hourly employees and to retaliate against and punish those employees who complained about such treatment.

13. During the time of Plaintiff's employment, Defendant failed to pay Plaintiff actual overtime wages for hours of work she performed in excess of 40 hours per week as required by the FLSA.

14. The failure to pay Plaintiff her lawful overtime wages under the FLSA included, but is not limited to, the following:

(i) requiring Plaintiff to be on-call several nights a week for 8-10 hours nightly while only paying Plaintiff a minimal "bonus" payment based on "bonds written" by Plaintiff instead of based on the actual time Plaintiff worked, including all on-call time, during each weekly pay period;

(ii) regularly requiring Plaintiff to work "off-the-clock", most frequently after the end of the work day and failing to record, much less compensate, Plaintiff for any such hours worked during any work week; and

(iii) failing to pay Plaintiff for driving to and from out-of-town locations for duties related to her job, all of which said driving time constitutes compensable overtime pursuant to the FLSA.

15. The Defendant's failure to pay Plaintiff her lawful wages required by the FLSA was willful. Despite his knowledge that time spent performing her daily activities for the benefit of Allstate Bail Bond Company, particularly those hours spent working over forty (40) hours per week, constituted work and is compensable time, the Defendant failed and refused to pay overtime.

16. Defendant acting in concert with his agents, representatives and employees at Allstate Bail Bond Company, have threatened Plaintiff with the closing of Allstate Bail Bond Company and the opening of a new bail bond company due to Plaintiff's demand for payment of her overtime wages, coupled with the further threat that she should "look for a new job" as "she would not be one of the employees going over to the new location." Additionally, since complaining about not being paid her overtime wages, McDonald's work hours were drastically cut even as Green hired an additional employee whose duties substantially overlapped with Plaintiff's. Finally, since complaining about not being paid her lawful overtime wages, Plaintiff has been the target of continued harassment, unsubstantiated "write-ups" and mistreatment at Allstate Bail Bond Company. All of these actions constitute unlawful retaliation.

## CAUSES OF ACTION

### COUNT I
### FLSA

Plaintiff Anita McDonald, for her Count I of this Complaint, inclusive of the foregoing, alleges and states:

17. Defendant's policy or practice of requiring Plaintiff to work forty (40) hours per week plus substantial additional on-call hours while only paying Plaintiff "bonuses" for bonds written instead of paying her for all hours worked in excess of 40 hours in violation of the FLSA. Defendant knew or should have known that his policy or practice violated the FLSA and he nonetheless willfully violated the FLSA.

18. As a result of Defendant's FLSA violations, Plaintiff has suffered actual damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

19. Because Defendant willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255. Defendant regularly told employees that no overtime was paid at Allstate Bail Bond Company and that its employees should be "happy with the bond bonuses he paid them." Defendant failed to record not only Plaintiff's overtime hours worked, but also failed to record Plaintiff's actual hours worked in any manner, including hours worked up to and including forty (40) hours per week. This practice is a *per se* violation of the FLSA.

20. Because of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## RETALIATION

In addition to the foregoing and as Count II of this Complaint, Plaintiff re-alleges herein as though repeated in full each allegation contained in paragraphs 1 through 20 above, inclusive and, further, Plaintiff alleges and states:

21. This Court has jurisdiction of Count II under Section 215(a)(3) of Title 29 U.S.C.

22. Defendant, acting in concert with his agents, representatives and employees at Allstate Bail Bond Company, has threatened to "close down Allstate Bail Bond Company" and open a new bail bond company due to Plaintiff's demand for payment of her overtime wages, coupled with the further threat that she should "look for a new job" as "she would not be one of the employees going over to the new location."

23. Additionally, since complaining about not being paid her overtime wages, Plaintiff's work hours were drastically cut even and Defendant went as far as hiring an additional employee whose duties substantially overlapped with Plaintiff's. As a consequence of Defendant's retaliation, Plaintiff has earned substantially less in wages than she otherwise would have.

24. Finally, since complaining about not being paid her lawful overtime wages, Plaintiff has been the target of continued harassment, unsubstantiated "write-ups" and mistreatment at Allstate Bail Bond Company. This behavior by the Defendant clearly intended to serve as punishment against Plaintiff for exercising her rights under the FLSA and violates the FLSA.

25. Plaintiff has been damaged as a result of Defendant's unlawful retaliation and is entitled to payment of wages lost and an additional equal amount as liquidated damages, punitive damages, and reasonable attorney fees and cost for which she herein sues.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court:

a.  Declare that the practices complained of herein are unlawful under the FLSA;

b.  Award Plaintiff her unpaid regular hourly wages for hours of work up to 40 hours per week and her unpaid overtime for all hours of work in excess of 40 hours per week;

c.  Award an equal amount of liquidated damages as allowed under the FLSA;

d.  Award attorney's fees and costs as provided by the FLSA;

e.  Award Plaintiff damages and costs for retaliation and outrageous conduct;

f.  Award penalties available under applicable law;

g.  Award pre and post judgment interest, as provided by law; and

h.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE ZAVALA LAW FIRM
112 S.W. 8th Avenue, Suite 301H
Amarillo, Texas 79101
Tel: (806) 350-6794
Fax: (806) 350-6563

By: /s/ Felipe Zavala
    Felipe Zavala
    State Bar No. 24013796
    Attorney for Anita McDonald

## JURY DEMAND

Plaintiff herewith demands a trial by jury.

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Anita J. McDonald

**DEFENDANTS**
James Green d/b/a Allstate Bail Bond Company

(b) County of Residence of First Listed Plaintiff: Potter
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Potter
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Felipe Zavala, The Zavala Law Firm
112 SW 8th Ave., Suite 301H, Amarillo, Texas 79101  806-350-6794

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 201 et seq.

Brief description of cause:
Alleged violations of FLSA --- failure to pay overtime wages claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: *(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 02/14/2013

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____